UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

GARRETT WHITTENBURG,

    Plaintiff,

    v.                                  CAUSE NO. 2:23-CV-413-PPS-JEM

LAKE COUNTY FACILITY, et al.,

    Defendants.

## OPINION & ORDER

Garrett Whittenburg, a prisoner without a lawyer, filed a motion to proceed on appeal in forma pauperis.[1] ECF 33. The Prison Litigation Reform Act requires a prisoner to "'submit[ ] an affidavit that includes a statement of all assets such prisoner possesses' and 'a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint.'" *Reyes v. Fishel*, 996 F.3d 420, 424 (7th Cir. 2021) (citing 28 U.S.C. § 1915(a)). Whittenburg alleges the Lake County Jail is "not giving me 6 month ledger forms" and has "ask[ed] the district court to make the 3x copies and to order Lake County Facility to give the court the 6 month ledger forms." ECF 33 at 1. Because I find there are additional reasons to deny the motion, Whittenburg's request is unnecessary.

---

[1] In addition to seeking leave to proceed on appeal in forma pauperis, the "Motion Appeal" also "ask[s] the court of appeal to appoint [Whittenburg] counsel." ECF 33 at 1. If Whittenburg wishes to request appointed counsel on appeal, he must file that motion with the United States Court of Appeals for the Seventh Circuit.

"An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3); *see also Thomas v. Zatecky*, 712 F.3d 1004, 1005–06 (7th Cir. 2013) (describing "bad faith" as objective frivolousness). In general, "good faith" does not necessarily mean that the plaintiff has subjectively good intentions. *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000). Rather, "to sue in bad faith means merely to sue on the basis of a frivolous claim, which is to say a claim that no reasonable person could suppose to have any merit." *Id.* Appealing in forma pauperis is also prohibited when a plaintiff sues in "actual bad faith"—for instance when a plaintiff displays dishonesty in court filings. *See e.g., Bastani v. Wells Fargo Bank, N.A.*, 960 F.3d 976, 978 (7th Cir. 2020) (motion to proceed in forma pauperis on appeal denied because plaintiff was dishonest as to her financial status and was "talking out of both sides of her mouth").

Whittenburg's case was dismissed because he acted in actual bad faith throughout the course of the litigation regarding the filing fee. *See generally* ECF 27. As relevant background information, Whittenburg filed twenty-seven cases in the Northern District of Indiana between February 13, 2023, and February 27, 2025. He filed an additional four cases between June 12, 2025, and August 6, 2025, bringing his grand total to thirty-one.[2] This case was originally stayed because Whittenburg failed to pay the initial partial filing fee despite updated trust fund ledgers showing he had the funds

---

[2] After he was told he was three-struck, Whittenburg paid the $405 filing fee in full and upfront for the last three cases—one of which was docketed less than a month before the date he signed the instant motion to appeal in forma pauperis—further calling into question his current allegation of poverty.

to do so. *Id.* "Notably, although the updated ledger showed he had received $1,888.45 since he was originally ordered to pay, he had not made a single payment to the court in *any* of his cases[.]" *Id.* at 2 (emphasis in original). Instead, the ledgers showed he routinely spent significant amounts of money on commissary items and phone cards almost as soon as he received it. "For example, he received $696.20 on January 17, 2024, and he spent $567.74 on commissary items the next day. Within two weeks, the total rose to $701.50 spent on commissary items." *Id.* at 2. Thus, the case was stayed pending receipt of the full $350 arrearage owed.

When Whittenburg eventually filed a motion to lift the stay, I reviewed his updated ledger and determined dismissal was warranted. *See id.* at 3–10. The ledger showed "Whittenburg's spending patterns . . . continued unabated despite the clear directions and expectations provided in [previous] orders." *Id.* at 5.

> In sum, from December 5, 2023—the date on which he was granted leave to proceed in forma pauperis and assessed an initial partial filing fee of $96.94—to February 1, 2025—the date his updated trust fund ledger runs through—Whittenburg received **$5,819.60** in deposits but paid **$0.00** towards this case.

*Id.* at 8. In fact, during that entire time, although he received nearly $6,000 in deposits, he paid less than $400 in <u>total</u> towards *all* his cases. *Id.* at n.11. I found Whittenburg's arguments—that he was "completely broke"[3] and that the Lake County Jail should have taken the funds out of his account the instant they were deposited—to be unpersuasive. *Id.* at 8.

---

[3] In the three months leading up to the filing of his motion to lift the stay alone, Whittenburg received $1,205.35 in deposits.

3

> [H]e repeatedly and consistently spent large sums of money almost immediately after receiving it even after this case was stayed. It would be ideal if the Jail immediately withdrew the installment payments upon every single deposit. However, it is Whittenburg's ultimate responsibility, as the plaintiff in this case, to ensure that his account maintains the funds necessary to actually pay those installments.

*Id*. at 8–9 (citing *Lucien v. DeTella*, 141 F.3d 773, 776 (7th Cir. 1998) and *Newlin v. Helman*, 123 F.3d 429, 436 (7th Cir. 1997)). In the end, despite multiple warnings and opportunities to comply, Whittenburg provided "no reasonable explanation for his failure to reserve the money for the payments he owes." *Id*. at 9. It was "Whittenburg's repeated failure to pay what is owed when it is clear he had money to do so" that made dismissal appropriate. *Id*. at 9–10 (citing 28 U.S.C. § 1915(e)(2)(A) ("[T]he court shall dismiss the case at any time if the court determines that . . . the allegation of poverty is untrue.")). Whittenburg acted in bad faith throughout the course of this litigation with regard to the filing fee, so the case was dismissed. Allowing him to proceed in forma pauperis on appeal now would be inconsistent with that determination.

In addition to the actual bad faith displayed by Whittenburg described above, I find that his arguments are legally frivolous. His notice of appeal (ECF 29) doesn't identify a valid basis to challenge the court's findings that led to dismissal. He simply persists in the already rejected assertion that the Lake County Jail is to blame for not immediately removing the deposits from his account, rather than Whittenburg himself for spending that money on commissary items and/or phone cards shortly after it came in. As previously explained, it was Whittenburg's ultimate responsibility to maintain the funds necessary to pay his fees. *See Lucien*, 141 F.3d at 776 ("If in a given month the

4

prison fails to make the required distribution from the trust account, the prisoner should notice this and refrain from spending the funds on personal items until they can be applied properly."). He didn't provide a valid reason he failed to do so in any of his filings or in his notice of appeal, nor did he suggest he ever attempted to pay the fees owed on his own.[4] His argument against the dismissal of this case is objectively frivolous. *See Lee*, 209 F.3d at 1026.

For these reasons—as set forth in additional detail in the dismissal order—I certify that Whittenburg's appeal cannot be taken in good faith. Accordingly, the motion (ECF 33) is DENIED.

**SO ORDERED** on October 15, 2025.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT

---

[4] As noted in footnote two, Whittenburg paid the $405 filing fee in full with the submission of his complaint for his most recent three cases, which were docketed in July and August of 2025. Thus, it's clear he has the ability to submit money directly to the court.

5